UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

------------------------------------------------------------X

| | |
|---|---|
| In Re: | : |
| | : Chapter 13 |
| **Allan Benson** | : |
| | : Case No. 14-36512 |
| Debtor(s) | : Judge: Schmetterer |
| | : Trustee: Vaughn |

------------------------------------------------------------X

| | |
|---|---|
| In Re: | : |
| | : |
| **Allan Benson** | : Adversary |
| Plaintiff(s) | : Case No. 15-00263 |
| | : |
| -vs- | : |
| | : |
| **Household Finance Corporation III** | : |
| Defendant | : |

------------------------------------------------------------X

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Plaintiff(s), Allan Benson is/are individual(s) residing at 321 Somerset Drive, Streamwood, IL 60107.

2. Household Finance Corporation III is the lender and/or servicer of a junior mortgage.

3. On 10/8/2014, Allan Benson filed a Petition for Relief under Chapter 13 of Title 11 of the United States Code in the Northern District of Illinois. The case was assigned Case Number 14-36512.

4. This Adversary Proceeding arises under Sections 502 and 506 of the United States Bankruptcy Code.

5. The federal district courts have "original and exclusive jurisdiction" of all cases under the Bankruptcy Code, 28 U.S.C. §1334(a), and they may refer these cases to the bankruptcy judges for their districts, 28 U.S.C. §157(a). The District Court for the Northern District of Illinois has done so. N.D. Ill. Internal Operating procedure 15(a). This reference gives bankruptcy judges jurisdiction under 28 U.S.C. §157(b)(1) to "hear and determine ... all core proceedings arising

under title 11, or arising in a case under title 11." In re Davis, 439 B.R. 863, 864 (Bankr. N.D. IL 2010).

6. A proceeding to determine the nature and extend of a lien and to avoid a junior mortgage lien is a core proceeding under 28 USC Section 157(b)(2)(K).

7. Therefore, this Honorable Court has jurisdiction over this adversary proceeding pursuant to 28 USC Sections 151, 157 and 1334, Local Rule 2.33 of the United States District Court for the Northern District of Illinois, and the district court's Internal Operating Procedure 15(a), in that this action relates to the Bankruptcy Case 14-36512, In Re Allan Benson, which is presently pending before this Honorable Court.

8. Allan Benson is/are the owner(s) of real property commonly known as 321 Somerset Drive, Streamwood, IL 60107 (hereinafter called the "Real Property") bearing PIN and legally described as follows:

PIN: 06-14-412-015-0000

Legal Description: LOT 89 IN BROOKSIDE UNIT NO. 2, BEING A SUBDIVISION PART OF THE NORTHWEST 1/4 OF THE SOUTHEAST 1/4 OF SECTION 14, TOWNSHIP 41 NORTH, RANGE 9, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED AUGUST 14, 1978 AS DOCUMENT NO. 24582559, IN COOK COUNTY, ILLINOIS, SUBJECT TO COVENANTS, CONDITIONS, RESTRICTIONS AND EASEMENTS OF RECORD.

9. Plaintiff(s) assert(s) that the fair market value of the Real Property is no more than $158,274.00.

10. Upon information and belief, a first mortgage lien is currently held by Household Finance Corporation III in the amount no less than $288,331.09.

11. Defendant(s) holds a junior mortgage originally granted in the amount of $76,825.25. This junior mortgage was recorded in the Office of the Cook County Recorder as Document Number 0712056064 on 04/30/2007 (hereinafter, the "Junior Mortgage Lien").

12. The Junior Mortgage Lien is wholly unsecured because the amount owned on the first mortgage, believed to be no less than $288,331.09, exceeds the fair market value of the underlying property, $158,274.00.

13. Under Sections 506(a) and 506(d), defendant's junior mortgage would be an allowed secured claim to the extent of the value of the estate's interest in the property securing the claim, and defendant's lien is void to the extent it is not an allowed secured claim.

14. Because the Junior Mortgage Lien held by defendant is wholly unsecured, it should not be allowed as a secured claim and the mortgage lien may be stripped off. In Re Mann, 249 B.R. 831, 840 (1st Cir BAP 2000); In Re Pond, 2001 U.S.App.Lexis 11287 (2nd Cir. 2001); In re McDonald, 205 F.2d 606 (3rd Cir 2000); Bartee vs. Tara Colony Homeowners Assoc, 212 F.3d 277 (5th Cir. 2000); In re Lam, 211 B.R. 36 (9th Cir BAP 1357); In Re Tanner, 217 F.3d 1357 (11th Cir).

15. The Plaintiff served Defendant by Certified U.S. Mail on April 20, 2015. Defendant has failed to answer or otherwise plead.

WHEREFORE, for the forgoing reasons, a judgment of default will be entered in favor of the Plaintiff and against the Defendant Household Finance Corp. III, stripping the Defendant's second mortgage on the Plaintiff's Real Estate.

July 30, 2015

ENTER:

U.S. Bankruptcy Judge

JUL 30 2015

Michael N. Oreluk
SCHALLER LAW FIRM, P.C.
Attorney for Plaintiff(s)
700 Commerce Drive, Suite 500
Oak Brook, IL  60523
630-655-1233